IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BILLY RAY WOODARD, | ) |
|---|---|
| #N87909, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-00687-MJR |
| | ) |
| DR. CASEY, | ) |
| LEAH HAMMEL, | ) |
| MR. NOTTEMMIER, | ) |
| and MS. LEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

Plaintiff Billy Ray Woodard, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680,[1] against four employees of Chester Mental Health Center ("Chester"). (Doc. 1). In the Complaint, Plaintiff alleges that he was unlawfully restrained and brutally raped by one of Chester's employees. (Doc. 1, pp. 5, 14-15). He now sues Mr. Nottemmier (Unit E director), Ms. Lee (therapist), Dr. Casey (psychiatrist), and Leah Hammel (head supervisor) for violations of his rights under the Eighth and Fourteenth Amendments. *Id*. Plaintiff seeks monetary relief against the defendants. (Doc. 1, p. 15).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] In the Complaint, Plaintiff also refers to numerous state statutes and administrative rules. However, he does not explain why or assert any claims under state law against the defendants.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## The Complaint

Plaintiff alleges that he sought assistance for past physical and sexual abuse by contacting Equip for Equality[2] on September 2, 2015. (Doc. 1, p. 14). An employee met with him for an interview on October 5, 2015. *Id*. The Complaint offers no information about this meeting or what transpired in the days thereafter. (Doc. 1).

Six days later, Plaintiff alleges that he found himself at Chester Mental Health Center ("Chester"). (Doc. 1, p. 14). On October 11, 2015, he was allegedly "jumped on physically and gagged" by an employee named Mr. Nottemmier. *Id*. Nottemmier ordered staff to stuff Plaintiff's mouth with a towel, while "he violently stuff[ed] a flashlight in [Plaintiff's] rectum." (Doc. 1, pp. 5, 14). Nottemmier allegedly "used the bottom of the flashlight and sodomized

---

[2] According to its website, Equip for Equality is an independent agency aimed at advancing the human and civil rights of people with disabilities in Illinois. *See* http://www.equipforequality.org/about/mission/.

[Plaintiff] until [he] bled from [his] rectum." *Id*. As he performed this violent act, Plaintiff's therapist, Ms. Lee, stood by and watched. *Id*.

Plaintiff was then strapped down in a 4-point restraint and held for more than ten hours. (Doc. 1, p. 15). When the 4-point restraint was removed, Plaintiff's hands and feet were "shackled" with leather straps. *Id*. He was forced to walk, eat, and sleep while shackled for an undisclosed period of time. *Id*. Plaintiff states that the restraints were inhumane and made him feel like a "mad dog" when he "was never violent in any way toward anyone." *Id*.

He now brings an Eighth and Fourteenth Amendment claim against Nottemmier and Lee, as well as Doctor Casey and Supervisor Hammel. (Doc. 1, pp. 5, 14-15). Plaintiff seeks monetary relief against the defendants. (Doc. 1, p. 15). He also asks this Court to order the defendants to turn over his complete mental health and medical records.[3] (Doc. 1, p. 6).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following enumerated counts:

**Count 1** - Claim against Nottemmier for using excessive force against Plaintiff by sexually assaulting him and ordering his unlawful restraint on or around October 11, 2015.

**Count 2 -** Claim against Lee for failing to intervene and stop the violation of Plaintiff's constitutional rights by Nottemmier and/or other Chester staff members on or around October 11, 2015.

**Count 3** - Claim against Doctor Casey and Supervisor Hammel based on a theory of *respondeat superior* liability.

---

[3] Before Plaintiff seeks the Court's order compelling the production of his mental health and medical records, he should first attempt to obtain them by serving defendants with a formal written request for production of these documents. *See* FED. R. CIV. P. 34.

**Count 4** -  Claim against Defendants under the Federal Tort Claims Act.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merit.

**Applicable Legal Standard**

Before screening Plaintiff's constitutional claims, the Court must first consider what legal standard applies. The applicable standard depends on Plaintiff's status as an arrestee, pretrial detainee, or convicted prisoner on the date of the alleged constitutional deprivations. The right to be free from physically abusive government conduct derives from the Fourth Amendment for an arrestee, *Graham v. Connor*, 490 U.S. 386, 394 (1989), the Fourteenth Amendment for a pretrial detainee, *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979), and the Eighth Amendment for a prisoner, *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). Arrestees and detainees cannot be punished at all. *See Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843 (2017) (citing *Kingsley v. Hendrickson*, 576 U.S. --, 135 S.Ct. 2466, 2475 (2015) ("pretrial detainees (unlike convicted prisoners) cannot be punished at all"). Prisoners are protected from cruel and unusual punishment.

The Complaint offers little information regarding Plaintiff's status as an arrestee, pretrial detainee, or prisoner. Regardless, the Complaint survives screening because the allegations support a constitutional claim under the most stringent of these standards, *i.e.*, the Eighth Amendment. For purposes of this screening order, the Court looks to Eighth Amendment case law. Counts 1 and 2 survive screening under this standard and the less stringent standards available to arrestees and detainees. Count 3 fails to state a claim upon which relief may be granted under any of these standards, and Count 4 does not address a constitutional claim at all.

**Count 1**

The intentional use of excessive force against a prisoner without penological justification runs afoul of the Eighth Amendment's proscription against cruel and unusual punishment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An assault that is carried out "'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline'" supports an Eighth Amendment claim. *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The Complaint articulates a colorable excessive force claim against Nottemmier under this standard.

At this early stage, the Court must construe the allegations in the Complaint liberally in favor of the *pro se* prisoner plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Plaintiff alleges that he was sexually assaulted with a flashlight and restrained pursuant to Nottemmier's orders on or around October 11, 2015. (Doc. 1, pp. 14-15). At the time, Plaintiff "was never violent in any way toward anyone." (Doc. 1, p.15). The Complaint alleges sufficient facts to support an excessive force claim against this defendant. Accordingly, Count 1 shall receive further review against Nottemmier.

**Count 2**

Officials who witness the unauthorized use of excessive force and have "a realistic opportunity to intervene and prevent the harm from occurring" may be liable under the Eighth Amendment for deliberate indifference if they take no steps to intervene. *Green v. Chvala*, 567 F. App'x 458 (7th Cir. 2014) (quoting *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). According to the Complaint, Lee stood by and watched Nottemmier as he assaulted Plaintiff and had him placed in restraints. (Doc. 1, pp. 14-15). The allegations support a claim against Lee for failing to intervene. Accordingly, Count 2

shall receive further review.

**Count 3**

Plaintiff has named two supervisory officials as defendants, including Doctor Casey and Supervisor Hammel. (Doc. 1, pp. 1-2). The allegations do not suggest that either individual was personally involved in a deprivation of Plaintiff's constitutional rights or even aware of these violations. (Doc. 1, pp. 14-15). Rather, they supervised the individuals who were directly involved.

The doctrine of *respondeat superior*, or supervisory liability, does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Because both defendants are named in this action based purely on their supervisory roles, the Complaint states no claim against either one. Accordingly, Count 3 shall be dismissed with prejudice against Doctor Casey and Supervisor Hammel.

**Count 4**

Plaintiff indicated that he is also bringing a claim against the defendants pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Beyond checking the box for an FTCA claim on the first page of the Complaint, however, Plaintiff does not mention this claim anywhere else. (Doc. 1, p. 1). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials. Plaintiff did not name the United States as a defendant and is not suing federal officials. He cannot proceed with an FTCA claim against

the four state officials he named. Accordingly, Count 4 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 3** and **4** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. The Clerk is directed to **TERMINATE** both **DOCTOR CASEY** and **LEAH HAMMEL** as defendants in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 1** shall proceed against Defendant **NOTTEMMIER**, and **COUNT 2** shall receive further review against Defendant **LEE**. With regard to **COUNTS 1** and **2**, the Clerk shall prepare for Defendants **NOTTEMMIER** and **LEE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 6, 2017**

                                                              s/MICHAEL J. REAGAN
                                                              **Chief Judge**
                                                              **United States District Court**